# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

BREGITTA HUGHES, an individual,

    Plaintiff,

v.

PEAK VISTA COMMUNITY HEALTH CENTERS, a Colorado nonprofit corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Bregitta Hughes ("Plaintiff"), through counsel, Lewis Kuhn Swan PC, submits her Complaint and Jury Demand ("Complaint") as follows:

## PARTIES

1. Plaintiff is an individual who resides in the State of Colorado.

2. Defendant Peak Vista Community Health Centers ("Defendant") is a nonprofit corporation organized under the laws of the State of Colorado with its principal place of business in Colorado Springs, Colorado.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this action is brought under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*

4. This Court has personal jurisdiction over Defendant because, among other things, this action arises out of events that occurred in the State of Colorado.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful conduct complained of herein arose and occurred in the District of Colorado.

## GENERAL ALLEGATIONS

6. Defendant owns and operates health centers that provides medical, dental, and behavioral health care services primarily in Colorado Springs, Colorado.

7. Defendant employs more than fifty (50) employees and is a covered employer under the FMLA.

8. Defendant previously employed Plaintiff as its Director of Community Programs. At the time of her termination, Plaintiff was earning approximately $80,000 per year.

9. In early September 2018, Plaintiff spoke with a benefits specialist in Defendant's Human Resources Department named Tonya Toney about the need to take a medical leave of absence under the FMLA.

10. Ms. Toney explained the FMLA process and required forms for purposes of taking FMLA leave to Plaintiff.

11. On or about November 28, 2018, after previously alerting Human Resources about her need to take FMLA leave, Plaintiff formally requested a FMLA leave of absence, specifically to have surgery.

12. On or about November 30, 2018, Plaintiff emailed her supervisor, Carmen Luttrell, and informed her that she planned to take a medical leave of absence. Upon information and belief, Ms. Luttrell knew that Plaintiff planned to take a medical leave of absence as early as September 2018.

13. On December 5, 2018, Ms. Luttrell scheduled a meeting with Ms. Hughes to discuss

certain projects. During the middle of the meeting, Brenda Stephens, Defendant's Vice President of Human Resources, joined. At that point, Ms. Luttrell told Plaintiff that her position had been eliminated effective December 31, 2018.

14. Defendant has a practice of offering severance to its employees who are laid off. Defendant, however, did not offer any severance to Plaintiff. Defendant's refusal to do so was motivated, at least in part, by her FMLA protected activity.

### FIRST CLAIM FOR RELIEF
### FMLA Interference

15. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

16. The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or attempt to exercise any right provided under [the Act]." 29 U.S.C. § 2615(a)(1).

17. Among other things, the interference provision of the FMLA "prohibits an employer from discriminating or retaliating against an employee . . . for having exercised . . . FMLA rights . . . [E]mployers cannot use the taking of FMLA rights as a negative factor in employment actions[.]" 29 C.F.R. § 825.220(c).

18. Defendant is an employer engaged in commerce as defined by the FMLA. Among other things, Defendant employs fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

19. Plaintiff was, at all relevant times, an eligible employee within the meaning of the FMLA.

20. Plaintiff was entitled to take FMLA leave and lawfully took such leave because of her serious health condition.

21. Plaintiff gave Defendant adequate notice, provided proper medical documentation for her serious health condition, and followed Defendant's policies in requesting medical leave.

22. Defendant nonetheless interfered with Plaintiff's right to take FMLA leave by, without limitation, improperly failing to hold Plaintiff's job open during her requested medical leave of absence and discriminately refusing severance benefits to Plaintiff when she exercised her FMLA rights.

23. Defendant took the above actions in an effort to interfere with Plaintiff's rights under the FMLA and to punish Plaintiff for having taken leave under the FMLA.

24. Defendant's interference with Plaintiff's right to take FMLA leave has damaged Plaintiff in an amount to be proven at trial including, without limitation, by loss of pay.

25. Defendant's interference with Plaintiff's right to take FMLA leave was not in good faith because, among other things, Plaintiff made clear (on several occasions) her need to take FMLA leave. Plaintiff is thus entitled to an award of liquidated damages.

## SECOND CLAIM FOR RELIEF
**FMLA Discrimination and Retaliation**

26. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

27. The FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the Act]." 29 U.S.C. § 2615(a)(2).

28. Plaintiff engaged in protected activity on several occasions, including when she initially inquired about the FMLA process in September 2018 and stated she would be needing to avail herself of FMLA leave.

29. Defendant discriminated and retaliated against Plaintiff by, among other things,

terminating Plaintiff shortly after she requested FMLA leave.

30. Defendant's discrimination and retaliation with Plaintiff's right to take FMLA leave has damaged Plaintiff in an amount to be proven at trial including, without limitation, by loss of pay.

31. Defendant's discriminatory and retaliatory conduct described in this Complaint was not in good faith. Plaintiff is thus entitled to an award of liquidated damages.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against Defendant on all claims for relief in an amount to be proven at trial, together with liquidated damages, interest, costs, and attorneys' fees.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Respectfully submitted this 30th day of January, 2019.

/s/ Andrew E. Swan
Paul F. Lewis
Andrew E. Swan
LEWIS | KUHN | SWAN PC
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Telephone: (719) 694-3000
Facsimile: (866) 515-8628
Email: plewis@lks.law
aswan@lks.law

*Attorneys for Plaintiff*